Thomson, J.
This action was brought by George A. Smith against Thomas A. Mulligan, upon two instruments in writing, signed by the latter. The first is in the following form :
“ Denveb, Colo., Dec. 17, 1892.
“ For value received, I promise to pay on demand, to I. B. Porter, Two Thousand Dollars, provided, however, that said Porter shall not demand payment of said sum until the United States have issued untóme a Patent for the northwest quarter of Section 21, Township 2, south Range 67 west, Arapahoe County, Colorado, the same being the land heretofore included in my pre-emption entry, and which I have applied to enter under the Homestead law; the consideration for said sum being the sendees heretofore rendered, or which may hereafter be rendered by said Porter and counsel employed by him in defending my rights and securing patent to said land.
“ Thomas Mulligan.”
The other is exactly the same, except that the amount promised to be paid is $250. The complaint set forth the instruments, and alleged the issuance of patent to the defendant for the land described, the assignment of the papers to the plaintiff before the commencement of the suit, and the *233 nonpayment of any part of the money ; and demanded judgment for the amount with interest. It was not alleged that any services were rendered for the defendant by Porter, or by any counsel employed by him, after the date of the execution of the instruments. The answer averred that the instruments were executed without any consideration. It also stated that at the time of their execution neither Porter nor any counsel employed by him had rendered any service of any kind, or for any purpose, to the defendant; and alleged, as their consideration, an agreement between the defendant, and Porter and Thomas H. Carter, whereby the latter were to obtain a patent in behalf of the defendant to the land described in the instruments, prior to the 4th day of March, 1898; averring that neither Porter nor Carter nor any counsel employed by them did any work or rendered any service for the defendant in securing a patent, and that the patent was procured solely through the efforts of other attorneys employed by the defendant. The answer was denied by the replication.
At the trial the plaintiff proved the assignment of the papers to himself, and introduced them in evidence. He offered no further proof. When he rested, the defendant moved for a judgment of nonsuit, on the ground that the plaintiff had failed to prove the rendition of any services in consideration of which the promises were made. The motion was denied. The defendant then offered himself as a witness, and his counsel asked him this question: “ Will you state whether you had any transaction or-dealing with Mr. I. B. Porter, in connection with securing title to the northwest quarter of section 21, township 2, south range 67 west, in 1892, and if so, please state what they were ? ” Objection was made that the question was immaterial, irrelevant and incompetent, and did not tend to support any issue raised by the pleadings. The objection was sustained. Counsel then asked the following question: “ I will ask you whether or not prior to December 17,1892, Mr. I. B. Porter had rendered you any service whatever in connection with defending your *234 rights and securing title or patent to the northwest quarter of section 21, township 2, south range 67 west ? ” The same objection was interposed to this as to the other, and was also sustained. In sustaining the objection the court said: “ I do not think you have set up any defense that will entitle you to any evidence whatever in this case. That is why I am ruling on these questions in this way. I don’t believe you are entitled to any evidence whatever upon the grounds alleged in your answer. You might have some defense, but not in my opinion under this answer. * * * In my opinion you cannot show want of consideration that would be available under these pleadings.” Other evidence was offered in support of the averments of the answer, but it was all refused on the same general grounds. After rejecting every offer of evidence by the defendant, the court directed the jury to return a verdict in the plaintiff’s favor for the amount sued for, with interest from the date of issuance of the patent, which was February 13,1895. Verdict was rendered accordingljq and was followed by judgment, from which error is prosecuted to this court.
We can conceive of no theory upon which this judgment should be allowed to stand. The instruments undertook specifically to set forth the consideration for which they were given. The language in which the consideration is particularized is a limitation upon, and definition of, the general words, “ for value received,” used at the beginning of the papers. The expression is, “ services heretofore rendered, or which may hereafter be rendered.” Literally construed it means that one of the two, but not both, was the consideration of the instruments. Certainly, without aid from some source, a court could not determine which was intended as the consideration, and, saying nothing of the effect of the uncertainty upon the papers themselves, at least some sort of averment in the complaint W'as necessary to clear up the ambiguity. But counsel for the plaintiff have relieved us of embarrassment in relation to the meaning of the language. They say: “ The notes recite that the con *235 sideration was the services rendered and to be rendered by said Porter and counsel that might be employed by him.” Thej'- thus construe the particle “or” as “and,” and we think they are right. We shall accept their construction, and discuss the questions presented upon their theory.
The consideration, therefore, was service already rendered and services to be rendered thereafter. Part of the consideration was something yet to be done by Porter. To enable one party to a contract, containing mutual covenants, to enforce it against the other, he must plead and prove complete performance on his part, or facts which are equivalent to performance. On the face of these papers it appears that the consideration of the promises to pay consisted of acts done, and acts to be done, by Porter. What he had done was not sufficient. The notes, if the instruments may be properly so designated, were not given in consideration of that alone. It was what he had done, and what he was to do, that, together, constituted the consideration. The cause of action was indivisible. There could be no apportionment of the promises, or of the consideration, so as to allow a partial recovery. In a proper action Porter might have been entitled to judgment for the value of his prior services, but not in an action on the notes. His right to recover upon them depended, in addition to services already performed, upon the rendition by him of services after their execution. What the services were to be does not appear from the notes. But a written contract is simply the putting into permanent form of a prior verbal understanding. Those services were necessarily defined in the agreement which resulted in the notes. It was incumbent upon plaintiff to set forth the specific services which had been agreed-upon, and aver their performance. There was no allegation in the complaint of the performance of any service by Porter, or at his instance, nor was there the least attempt to prove that any was ever rendered. There was no cause of action stated, and there was a complete failure of proof. The disallowance of the nonsuit was error.
While, from what has been said, it is apparent that the *236 judgment must be reversed, we deem it proper to examine the rulings of the court in relation to the proofs offered by the defendant. The court’s expressed opinion was that the answer stated no defe22se, and, hence, that mider its allegations no evidence, whatever, was admissible. One of the averments of the answer was that, at the time of the execution of the instruments 2ieither Porter 2ior any comrsel employed by him, had hr a2ry ma2iner rendered the defenda2rt any service. They expressed the renditio2i of services by Porter as part of their consideration. Therefore, by them, the defendant acknowledged that Porter had rendered him service of some kind. But we think the acknowledgment must be regarded as in the nature of a receipt. A written admisskm by one, of the payment of money, or the delivery of property to him by another', is a receipt pure and simple; and a written admission by him of the rendition of services in his behalf by another is exactly the same kind of instrument. The paper, whether it be give2i for money, property or services, is equally a receipt. Now a receipt is only prima facie evidence of the fact it recites, a2id may be co2itradicted by oral testimony. 1 Greenl. Ev. § 305; 2 Whart. Ev. § 1064. And where a receipt is incorporated into a promissory note, or into a contract, or a deed, as expressing the consideration, it is still open to explanation the same as if it were in a separate instrument. Smith v. Holland, 61 N. Y. 635 ; Wilkinson v. Scott, 17 Mass. * 249, * 257. That no services had been rendered by Porter was properly pleaded, a2id proof of the fact should have been admitted.
The defendant also alleged, and sought to prove, what, by the agreement of the parties, the services to be rendered were to consist of, arid within what time they were to be performed, and, also, that they never were performed. Some such allegation, and some such proof, were necessary to explain the incomplete, and otherwise unintelligible, language of the notes. Porter was to render some service, at some time; but what, or when, must be shown by parol, if shown at all. The proposed evidence would not have had the effect to contra- *237 diet, vary, or add to, the contract; and it is only evidence which would have such effect that the law excludes. But to an understanding of the language of the papers, an explanation was necessary; the attempted explanation was not inconsistent with the written terms, and hence it was admissible. 1 Greenl. Ev. § 367. The defendant had the right to prove what the services were to be, and when they were to be completed; and having made the proof, to show that they never were performed.
The court seems to have entirely misconceived the case; for its rulings, from its denial of the nonsuit down to its direction of the verdict, were almost uniformly erroneous. The papers were not negotiable instruments, and their transfer to the plaintiff invested him with no greater rights, as against the defendant, than were possessed by his assignor.
The judgment will be reversed and remanded, with leave to the parties to amend their pleadings as they may be advised.

Reversed.